**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS DIAZ-ESPINOZA, | No. 15-72024 |
| Petitioner, | Agency No. A078-018-328 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Jose Luis Diaz-Espinoza, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to suppress evidence and

terminate removal proceedings, and ordering him removed. Our jurisdiction is

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo the denial of a motion to suppress and constitutional claims. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency did not err or violate due process in denying Diaz-Espinoza's motion to suppress evidence and terminate removal proceedings, where he did not demonstrate that his statements to immigration officials while in criminal custody were obtained through an egregious violation of the Fourth Amendment, *see Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (a Fourth Amendment violation is egregious if evidence is obtained by a deliberate violation of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution), and *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009), forecloses his contention that his statements were unconstitutionally obtained in violation of 8 C.F.R. § 287.3(c). *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

To the extent Diaz-Espinoza contends the agency failed to advise him of his rights in violation of 8 C.F.R. § 287.3(c), the record does not support this contention, where the requisite advisals were listed on the Notice to Appear, which the government served on Diaz-Espinoza before formal proceedings commenced.

To the extent Diaz-Espinoza contends 8 C.F.R. §287.3(c) is unconstitutional, he has waived this contention, because he advances no argument to support it. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.")

We lack jurisdiction to consider Diaz-Espinoza's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**